NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADRIANA MARTINEZ
SARMIENTO; JHAIR MEJIA
SANCHEZ; EMMANUEL MEJIA
MARTINEZ; LUCIANA MEJIA
MARTINEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2821

Agency Nos.
A246-569-130
A246-569-129
A246-569-132
A246-569-131

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025[**]
San Francisco, California

Before: GOULD, OWENS, and BUMATAY, Circuit Judges.

Petitioners Adriana Martinez Sarmiento, her husband Jhair Mejia Sanchez,

and their two minor children, natives and citizens of Colombia, petition for review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal from the immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. The BIA properly denied asylum and withholding of removal. To be eligible for asylum and withholding of removal, Petitioners must demonstrate that the Colombian government is unwilling or unable to protect them from persecution. *See J.R. v. Barr*, 975 F.3d 778, 782 (9th Cir. 2020). Petitioners can do so by showing evidence of government inaction on a police report. *See Meza-Vazquez v. Garland*, 993 F.3d 726, 729–30 (9th Cir. 2021). Absent a police report, Petitioners must show that seeking help from the Colombian authorities would have been dangerous or futile. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006).

Here, Petitioners were unable to file a police report and did not establish that seeking help from the Colombian authorities would have been dangerous or futile. The Colombian authorities have arrested and convicted members of the Gulf Clan previously, including Mejia Sanchez's brother-in-law. When the Colombian

government suspected Mejia Sanchez of his brother-in-law's criminal activity, they subpoenaed him. The Colombian authorities are actively searching for the brother-in-law. Because substantial evidence supports that the Colombian government is not unable or unwilling to protect Petitioners, the BIA did not err in affirming the denial of asylum and withholding of removal.

2. The BIA properly affirmed the denial of CAT protection. To be eligible for CAT protection, Petitioners must show that they will more likely than not be tortured by or with acquiescence of the Colombian government upon return to Colombia. *See Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021) (describing the standard for CAT claims). Petitioners did not meaningfully challenge the IJ's finding that the Colombian government would not acquiesce in any torture they might face upon return, waiving that issue before the BIA. Thus, the BIA did not err when it denied Petitioners' CAT claim based on that dispositive finding.

3. The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**

24-2821